UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VICKI ARIATTI-MANGUM,<br><br>              Plaintiff,<br><br>    v.<br><br>MARGARET KORB, in her individual capacity; BRYON TAYLOR, in his individual capacity; and WESTERN UNION,<br><br>              Defendants. | Case No. 1:11-CV-149-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

On April 11, 2011, Plaintiff filed a Complaint under the Privacy Act of 1974 against two individuals and Western Union. Plaintiff alleged that Defendants violated her rights under the Privacy Act by conditioning her receipt of wire transferred funds upon her proof of her social security number. Plaintiff also filed a request to proceed *in forma pauperis*, and a motion for service.

Magistrate Judge Boyle addressed the motions and referred them to me for disposition. Judge Boyle explained that the application to proceed *in forma pauperis* may be granted, but that the Court is required to screen complaints brought by litigants who have been granted leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2). A complaint or portion thereof should be dismissed if: (1) it is frivolous or malicious; (2) it

fails to state a claim upon which relief can be granted; or (3) it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(I-iii). A complaint submitted *in forma pauperis* "is frivolous if it has no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (internal quotation marks and citation omitted). In conducting any review, a plaintiff's pro se pleading must be liberally construed and she must be given the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if the complaint can be saved by amendment, a plaintiff should be notified of the Complaint's deficiencies and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *see also Lopez v. Smith*, 203 F.3d 1122, 1124 (9th Cir. 2000).

In this case, Judge Boyle explained that Plaintiff's Complaint seeks relief under the Privacy Act of 1974 against a private corporation and private individuals for requiring Plaintiff to disclose her social security number in order to receive a wire transfer, which is a private service. Judge Boyle explained that "[t]he private right of civil action created by the [Privacy] Act is specifically limited to actions against agencies of the United States Government. The civil remedy provisions of the statute do not apply against private individuals . . . [or] private entities." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826 (9th Cir. 1999) (citing *Unt v. Aerospace Corp.*, 765 F.2d 1440, 1447 (9th Cir.1985)). Here, Defendants are not a federal agency; they are private individuals and a private entity to which the Privacy Act claim cannot apply. Accordingly, Judge Boyle recommended that Plaintiff's Complaint fails to state a claim upon which relief may be

granted. I agree.

Judge Boyle recommended that Plaintiff's Complaint be dismissed without prejudice and that Plaintiff be given leave to file an amended complaint to attempt to state a cognizable claim. However, before I entered an order adopting that recommendation, Plaintiff filed her Amended Complaint. Therefore, I will address the Amended Complaint at this point.

The Amended Complaint does not save Plaintiff's claims. Plaintiff's Amended Complaint asserts essentially the same claims she asserted in her original Complaint, except that she has removed her reference to the Privacy Act of 1974. However, she references no alternative law supporting her claims. She makes some suggestion that her privacy rights were violated, but gives no support for such a claim. Accordingly, I find that Plaintiff's Amended Complaint fails as a matter of law for the same reasons her original Complaint failed as a matter of law. Moreover, because Plaintiff has already been given an opportunity to amend her complaint, the Court will now dismiss this case in its entirety without giving Plaintiff another opportunity to amend.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Application for Order to Proceed *In Forma Pauperis* (Dkt. 1) is **DEEMED MOOT**.

2. Plaintiff Motion for Service (Dkt. 3) is **DEEMED MOOT**.

3. Plaintiff's Motion for Service (Dkt. 7) is **DEEMED MOOT**.

4. Plaintiff's Complaint and Amended Complaint shall be **DISMISSED**.

5. The Court will enter a separate judgment in accordance with Federal Rule of Civil Procedure 58.

DATED: **June 1, 2011**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge